UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOSE LUIS LOPEZ-JAMIE, <br><br> Plaintiff, <br><br> vs. <br><br> DETROIT FIELD OFFICE REBECCA ADDUCCI, SECRETARY DHS KIRSTJEN NIELSEN, <br><br> Defendants. | 2:19-CV-11010-TGB <br><br> **ORDER CONTINUING STAY** |

In response to an emergency petition filed on April 5, 2019, alleging that Petitioner Jose Luis Lopez-Jaime[1] was facing imminent unconstitutional deportation, the Court issued a temporary stay of removal. ECF No. 3. The Court heard oral argument on Petitioner's Motion for Temporary Restraining Order, ECF No. 2, and Respondent's

---

[1] Counsel has indicated that Petitioner's name is spelled "Lopez-Jaime" rather than "Lopez-Jamie," which is listed on the official case caption. The Court therefore uses the correct spelling in the body of this Order.

Motion to Vacate Order Staying Deportation, ECF No. 4, on April 25, 2019.

Respondent contends that under 8 U.S.C. § 1252(g), the Court has no jurisdiction over Petitioner's claim. At the same time, the Court necessarily has jurisdiction to consider the question of its own jurisdiction. *United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("In the case before us, the District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief."). The Court has inherent powers, "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO*, 501 U.S. 32, 43 (1991) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962)). Pursuant to this power, courts in this district routinely stay petitioners' removal proceedings while their petitions for the writ of habeas corpus are pending. *See, e.g., Sanchez-Ronquillo v. Adducci*, No. 17-cv-11395, ECF No. 2 (citing 28 U.S.C. § 1651).

At the hearing on the pending motions, the Court granted Petitioner leave to file a supplemental brief on the issue of the alleged

expiration of the removal order in the record at ECF No. 8-2 of no more than ten pages by May 2, 2019. The Court also granted Respondent leave to respond to the supplemental brief in no more than ten pages by May 9, 2019. To allow time for that briefing to be submitted, the Court will extend the temporary stay of removal until the Court rules on its jurisdiction to consider Petitioner's Petition for the Writ of Habeas Corpus. The Court will order any further relief along with its written Order on the pending motions.

DATED April 26, 2019.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, April 26, 2019, by electronic and/or ordinary mail.

S/A. Chubb
Case Manager and Deputy Clerk