UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JOSE LUIS LOPEZ-JAIME**, | 2:19-CV-11010-TGB |
| Plaintiff, | |
| vs. | **ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER, GRANTING MOTION TO VACATE STAY, AND DISMISSING PETITION FOR THE WRIT OF HABEAS CORPUS** |
| **DETROIT FIELD OFFICE REBECCA ADDUCCI, SECRETARY DHS KIRSTJEN NIELSEN**, | |
| Defendants. | |

## I.    Background

On April 5, 2019, Jose Luis Lopez-Jaime filed an emergency petition for the writ of habeas corpus (ECF No. 1) and an emergency motion for a temporary restraining order preventing his removal from the United States (ECF No. 2). Petitioner argued that his detention and imminent removal from the country pursuant to a reinstated prior order of removal from 1997 were unconstitutional. At first, Petitioner contended that he had never been ordered removed, so there was no removal order to reinstate under 8 U.S.C. § 1231. Alternatively,

1

Petitioner argued that even if there *was* a prior order of removal from 1997, such orders could not legally be reinstated more than ten years after they were originally executed. Finally, Petitioner argued that reinstating a prior order of removal would violate his constitutional rights because he would likely be tortured upon removal to his hometown, Zacatecas, Mexico.

In response, the government produced the prior order of removal that it is seeking to reinstate, dated October 14, 1997. ECF No. 8-2. Consequently, the facts do not support Petitioner's first argument. As to Petitioner's second argument, the government responded that there is no legal basis for the proposition that removal orders expire after ten years. And in response to Petitioner's last ground, the government contended that the proper forum for claims of fear of torture is the Sixth Circuit Court of Appeals. 8 U.S.C. § 1252(a)(4). In general, the government argued that the district court has no jurisdiction to review Petitioner's claim under the provisions of 8 U.S.C. § 1252 because this section divests the court of such jurisdiction.

The Court heard oral argument on the motion for a temporary restraining order on April 25, 2019. The Court gave Petitioner leave to

file a supplemental brief with additional legal support for the argument that the removal order expired ten years after it was executed for the first time, which he did on May 2, 2019. ECF No. 12. The government responded on May 9, 2019. ECF No. 13. Petitioner then filed a motion to strike the government's response. ECF No. 14. Having carefully considered the parties' arguments and the relevant authorities, the Court **DENIES** Petitioner's motion for temporary restraining order (ECF No. 2), **DISMISSES** the petition for the writ of habeas corpus (ECF No. 1), and **DENIES AS MOOT** Petitioner's motion to strike (ECF No. 14).

## II.    Analysis

Congress has acted to limit judicial review of certain actions of the Attorney General in the immigration context. Section 1252(g) of Title 8 of the United States Code states that "notwithstanding . . . any habeas corpus provision . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." Judicial review is available under Congress' scheme, but the authority to review such immigration-related actions of the Attorney General lies not with

federal district courts but with the circuit courts of appeals: "[R]eview of an order of removal entered or issued" is limited to "a petition for review filed with an appropriate court of appeals." 8 U.S.C. § 1252(a)(5).

In this case, Respondent seeks to reinstate a prior order of removal pursuant to 8 U.S.C. § 1231(a)(5). That provision states, "If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed . . . the alien shall be removed under the prior order at any time after the reentry." The courts of appeals have jurisdiction to review questions of law arising from the reinstatement of a removal order, in the same way that it has jurisdiction to review the removal order itself. *Villegas De La Paz v. Holder*, 640 F.3d 650, 653 (6th Cir. 2010). Importantly, the Court notes here that the same time limits to appeal removal orders appear also to apply to the time limits to appeal reinstatement of those orders—30 days from "the date of the final order."[1] *See* 8 U.S.C. § 1252(b)(1); *see also Villegas De La Paz*,

---

[1] *Ayala v. Sessions* appears to suggest that, when an alien applies for withholding of removal during a reinstatement proceeding, the time limit for appeal to the proper circuit court of appeal begins to run on the date of the final order from the agency

4

640 F.3d at 653; *see also Ayala v. Sessions*, 855 F.3d 1012, 1018 (9th Cir. 2017) (finding that the court of appeals has jurisdiction to review timely appeals of reasonable fear determinations during reinstatement of prior orders of removal).

Though § 1252(g) limits the ability of federal district courts to grant habeas corpus relief in the immigration context, the Supreme Court has found that Congress cannot legally issue a blanket prohibition of judicial review of allegedly unconstitutional detention. *I.N.S. v. St. Cyr*, 533 U.S. 289, 305 (2001). Section 1252's scheme channeling jurisdiction over reviews of removal orders through the circuit courts instead of as habeas petitions through the district courts has repeatedly been found constitutional, in part because it preserves some forum in which these claims may be heard. *Muka v. Baker*, 559 F.3d 480, 483 (6th Cir. 2009) (listing cases).

In Petitioner's initial filings, he alleged there *was* no prior order of removal and that Respondent was therefore unconstitutionally detaining him. Had Petitioner been correct that there was no prior order of removal,

---

concluding that the alien has not shown a reasonable fear of persecution. 855 F.3d at 1015.

this Court could arguably have reviewed the legality of his detention as a habeas corpus petition. Section 1252's provisions apply to review of *orders of removal*, and presumably an order of removal must exist in order to be reviewed. Petitioner's second argument, that the order of removal *expired* ten years after Petitioner was removed from the country for the first time (in 1998), and is therefore not legally capable of being executed, is founded on the same reasoning. If the order of removal had in fact expired, and was incapable of being reinstated, Petitioner might have a colorable argument that § 1252 did not apply and therefore did not strip the Court of jurisdiction to hear Petitioner's claim.

Unfortunately for Petitioner, the argument that the order of removal expired is unsound and lacks legal support. Petitioner derives his argument about the removal order's ten-year validity period from 8 U.S.C. § 1182(a)(9)(A)(i)–(ii). These provisions state that persons previously removed are *inadmissible* to the United States for a certain time-period after being removed. But they do *not* say that, after that period of time passes, persons previously removed suddenly become *admissible*. Petitioner relies on a Ninth Circuit case, *Li v. Eddy*, 324 F.3d 1109 (9th Cir. 2003), to argue that the time-limit regarding

inadmissibility also determines the length of time during which a removal order may be reinstated. But his comparison falls short. In *Li*, the court was not considering reinstatement of a prior order of removal. Instead, the court read § 1182(a)(9)(A), which governs inadmissibility periods, together with another provision of the same statute, § 1182(a)(6)(C)(i). That provision states that an alien who is present in the United States "who arrives in the United States at any time or place other than as designated by the Attorney General[] is inadmissible." The Ninth Circuit found that § 1182(a)(6)(C)(i) could not render an alien inadmissible indefinitely because that would be inconsistent with the inadmissibility time-periods set forth in (9)(A)(i)–(ii).Unlike *Li*, where (6)(C)(i) was silent as to time-period, the Petitioner in this case must contend with the statute providing for reinstatement of removal orders "at any time after the reentry." 8 U.S.C. § 1231(a)(5). The Court may not disregard the specific language of the statute in favor of Petitioner's argument.

Petitioner's final argument is that he is eligible for withholding of removal due to his fear of persecution in Zacatecas, Mexico, the area to which he alleges he would be removed without intervention from the

Court. Petitioner was previously "found ineligible" for asylum by an immigration officer. He appealed that decision to an immigration judge, who affirmed the officer's determination. Petitioner's Supplemental Brief, ECF No. 12 PageID.64. Petitions for judicial review of asylum or withholding of removal determinations by an immigration judge fall into the category of claims that the district court does not have jurisdiction to hear. First, where the true remedy a petitioner seeks is "withholding of removal" rather than release from custody, the district court does not have jurisdiction over the petition. *Hamama v. Adducci*, 912 F.3d 869, 875 (6th Cir. 2018). In addition, courts of appeals *have* exercised jurisdiction over such requests for relief in the form of withholding of removal, indicating Petitioner should seek intervention from the court of appeals, not the district court. *E.g. Andrade-Garcia v. Lynch*, 828 F.3d 829, 834 (9th Cir. 2016) ("An IJ's negative determination regarding the alien's reasonable fear makes the reinstatement order final, *see* 8 C.F.R. § 208.31(g)(1), and thus subject to review [by the court of appeals] under 8 U.S.C. § 1252."); *Ametaj v. D.H.S.*, No. 09-13417, 2009 WL 3012403, at *3 (E.D. Mich. Sep. 17, 2009) (finding that the district court did not have jurisdiction over Petitioner's petition for review because "the denial of

asylum and withholding of removal constitutes a final order of removal for jurisdictional purposes" (alterations and quotation marks in original omitted)). Accordingly, the proper forum for Petitioner's request for judicial review is the Sixth Circuit Court of Appeals.

For the foregoing reasons, Petitioner's Motion for Temporary Restraining Order (ECF No. 2) is **DENIED**, his Petition for the Writ of Habeas Corpus (ECF No. 1) is **DISMISSED**, and his Motion to Strike Respondent's Response (ECF No. 14) is **DENIED AS MOOT**. The Court's Order temporarily staying Petitioner's removal (ECF No. 3) is **VACATED**.

**SO ORDERED.**

DATED May 31, 2019.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge